United States District Court
Southern District of Texas

**ENTERED**

December 19, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-101 |
| | § | |
| JOSEPH C.M. KRIST | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant/Movant Joseph C. M. Krist's ("Movant")

motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 103)

and amended § 2255 motion (D.E. 115), to which the United States has responded (D.E.

114, 119).

Movant's § 2255 motion includes a claim that appellate counsel was ineffective

for failing to file a petition for certiorari with the United States Supreme Court as

directed. Under the Fifth Circuit's Plan for Representation on Appeal under the Criminal

Justice Act (CJA Plan), "Promptly after the court of appeals' decision issues, appointed

counsel must advise the client in writing of the right to seek further review by filing a

petition for writ of certiorari with the United States Supreme Court." CJA Plan, § 6, ¶ 4,

*available at* www.lb5.uscourts.gov/cja2/CJADocs/CJAPlan.pdf (last visited Dec. 14,

2016). The CJA Plan also states that "[i]f the client asks in writing that counsel file a

petition, counsel must do so in a timely manner. If counsel believes filing a petition

would be futile, he or she may move the court of appeals to be relieved of the obligation."

*Id.* If a defendant makes a request to file a petition in writing, then counsel has a statutory

obligation to assist him in doing so. *See United States v. James*, 990 F.2d 804, 805 (5th

Cir. 1993) (citing *Wilkins v. United States*, 441 U.S. 468 (1979), *United States v. Sotelo*, 778 F.2d 1125 (5th Cir. 1985)). The Fifth Circuit has previously granted § 2255 relief where appellate counsel failed to advise a defendant of his right to seek Supreme Court review or initiate a timely petition for certiorari when directed to do so. *See United States v. Garcia*, 607 Fed. App'x 438, 439 (5th Cir. 2015); *Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir. 1972).

The record shows—and the Government concedes—that Movant requested in writing that appellate counsel file a petition for certiorari, and that appellate counsel did not do so. *See* Berry Aff., D.E. 113, pp. 9–10. Appellate counsel believed that the petition would lack merit; however, he did not move to withdraw as counsel. *Id.* The remedy for counsel's conduct is to dismiss Movant's § 2255 motion without prejudice and issue a Certificate of Appealability to allow Movant to ask the Fifth Circuit to rescind and reissue its mandate. *See United States v. Garcia*, No. 5:09-CR-2437, 2013 WL 5441122, at *3 (S.D. Tex. Sep. 27, 2013).

It is unnecessary to address Movant's remaining claims until after the resolution of his direct appeal. *See Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), abrogated on other grounds, *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, movant is not entitled to consideration on the merits of his § 2255 motion).

## CONCLUSION

For the reasons stated herein, Movant's § 2255 motion and amended § 2255 motion (D.E. 103, 115) are **DISMISSED WITHOUT PREJUDICE**.

ORDERED this 19th day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE